UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rockway, Inc. et al.,

        Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 03-5282 ADM/FLN

David A. Stampe,

        Defendant.

_____

Karl L. Cambronne, Esq., Chestnut Cambronne, PA, Minneapolis, MN, on behalf of Plaintiffs.

Brett D. Ekins, Esq., Jones Waldo Holbrook & McDonough, P.C., St. George, UT; and William H. Henney, Esq., Henney Law, Minnetonka, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant David A. Stampe's ("Stampe") Objection [Docket No. 295] to Magistrate Judge Franklin L. Noel's November 4, 2015 Order [Docket No. 294] ("Order"). Stampe objects to the portion of Judge Noel's Order that concluded that Stampe was not entitled to royalties based on the existence of U.S. Patent No. 7,927,287 (the "'287 Patent"). For the reasons stated below, Stampe's Objection is overruled and the Order is affirmed.

## II. BACKGROUND

### A. Litigation History[1]

The genesis of this dispute dates back to 1998 when Stampe and Plaintiff Mark Anderson ("Anderson") entered into several business contracts together, including a two-year Independent Contractor Agreement ("ICA"). Under the ICA, Stampe agreed to work with Anderson and

---

[1] The historical recitation is drawn from Judge Noel's Order.

Rockway, Inc. ("Rockway") in developing new veterinary and pet care products. One of the products Stampe developed was a bovine heat detection device, a patch applied to the back of a cow that aided a farmer to identify which of its cows were in "standing heat." Stampe and Rockway initially disputed ownership of the device, and in 2001, Stampe secured a patent, U.S. Patent No. 6,467,430 (the "'430 Patent"), on the device and took steps to commercialize the product. Two years later, Rockway sued Stampe, alleging that under the terms of the ICA, any new products developed were the property of Rockway. In 2006, Judge Rosenbaum affirmed Judge Noel's Report and Recommendation that concluded that Stampe must transfer ownership of the '430 Patent to Rockway. Judge Rosenbaum also agreed with Judge Noel in concluding that the ICA obligated Rockway to pay Stampe five percent royalties on all future sales of the bovine heat detection device.

From June 2006 to late 2011, the parties complied with the terms of Judge Rosenbaum's Order—Stampe assigned ownership of the '430 Patent to Rockway and Rockway paid Stampe more than $500,000 in royalties for global sales of Estrotect, a Rockway product based on the '430 Patent.

In October 2011, however, this relationship changed when Stampe began selling the Estrus Alert Device ("EAD"), a bovine heat detection patch that was marketed in direct competition with Rockway's Estrotect device. According to Stampe, the EAD did not infringe the '430 Patent because a 1984 Great Britain patent application invalidated the '430 Patent. Stampe also claims he obtained an invalidity opinion from his patent attorney shortly after Judge Rosenbaum's Order. Rockway, in response, ceased all royalty payments to Stampe. At that time, both parties stood in violation of the 2006 Order—Stampe for selling a device that

purported to practice the '430 Patent and Rockway for ceasing to pay royalties to Stampe.

Motions for contempt were filed by each party; Stampe sought to hold Rockway in contempt for failing to pay royalties and Rockway sought to hold Stampe in contempt for selling a competing device. In ruling on the motions, Judge Noel recommended that Stampe be ordered to cease selling his EAD device, while Rockway represented that they would resume royalty payments once Stampe certified he was no longer selling the competing product. Judge Davis[2] adopted Judge Noel's recommendation and on January 14, 2014, Stampe submitted a sworn statement indicating that he had stopped selling the EAD.

**B. Present Dispute**

On August 4, 2015, Stampe again argued that Rockway should be held in contempt for failing to pay royalties as required under the ICA. Stampe claims that Rockway has failed to pay three different classifications of royalties: (1) royalties on all sales from January 22, 2015 to the present; (2) royalties from domestic sales made from August 1, 2014 through January 22, 2015; and (3) royalties from international sales made from August 1, 2014 through January 22, 2015. Judge Noel's Order concluded that since Rockway disclaimed the '430 Patent on January 22, 2015, Stampe was not entitled to any royalties on sales after January 22, 2015. Judge Noel also rejected Stampe's argument that the ICA's royalty agreement should continue because of the '287 Patent, a separate patent related to determining breeding status in animals.[3]

---

[2] On September 13, 2012, due to Judge Rosenbaum's retirement, the case was reassigned to Judge Davis. See Docket No. 215.

[3] Judge Noel additionally concluded that further discovery was needed to determine whether Rockway's decision to stop paying Stampe royalties from August 1, 2014 through January 22, 2015 was warranted.

On November 17, 2015, Stampe filed this Objection, arguing that Judge Noel erred in concluding that Stampe was not entitled to royalties due to the existence of the '287 Patent. Stampe does not object to any other portion of Judge Noel's Order.

### III.  DISCUSSION

#### A.  Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.  See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

#### B.  Stampe's Objection

In his Order, Judge Noel concluded that because Rockway disclaimed the '430 Patent, that patent is no longer in effect and thus Stampe is no longer entitled to royalty payments. Stampe does not contest this finding, nor does Stampe oppose Judge Noel's observation that Stampe neither developed nor materially contributed to the development of the '287 Patent. Stampe argues that Judge Noel erred because, in denying him royalty payments arising from the

existence of the '287 Patent, Judge Noel did not expressly determine that the '287 Patent is unrelated to the bovine heat detection device Stampe assisted in developing. According to Stampe, since the sole question is limited to whether the '287 Patent is "related to" the estrus detection device, Judge Noel's conclusion is legally deficient because he failed to address the relation between the '287 Patent and the bovine heat detection device.

Stampe's Objection therefore stems from his disagreement with Judge Noel's interpretation of Article 7, which states in relevant part:

> In addition to the Monthly Fee payable to [Stampe], [Rockway] shall pay [Stampe] a royalty payment (the "Royalty") equal to Five Percent (5%) of gross sales derived from the sale of any New Products developed by [Stampe], or the sale of any New Products to **the development of which [Stampe] materially contributes.** For purposes of this Agreement, the Stoplik shall not be considered a New Product. "Gross Sales" shall be defined as gross revenues derived from the sale of the New Products. **The obligation of Rockway to pay the Royalty to Stampe shall survive the termination of this Agreement, and shall remain in effect for so long as any patents relating to the New Products remain in effect**.

Stampe Decl. [Docket No. 276] Ex. A ("ICA") Art. 7 (emphasis added). In observing that Stampe was not entitled to royalties because the "'287 Patent is completely separate from the '430 Patent, and Stampe has never been entitled to royalties derived from the '287 Patent," Judge Noel reasoned that Article 7 obligates Rockway to pay Stampe royalties when Rockway sells a product Stampe was involved in developing. Order at 8. Since the '287 Patent was developed without Stampe's direct involvement, the '287 Patent could not serve as a basis for obligating Rockway to pay royalties to Stampe for his involvement in developing the estrus detection device. Judge Noel thus concluded that "the '287 Patent is not subject to the ICA and therefore is inapplicable to royalties on the '430 Patent." Since Stampe had nothing to do with the '287 Patent, it could not serve as a basis entitling Stampe to royalties under the ICA.

5

This interpretation is not clearly erroneous.  The intention of the ICA is to compensate Stampe for assisting Rockway in developing new veterinary and pet care products.  It seems specious that the "related to" language would function to compensate Stampe in a manner other than when a patent is in effect that has a direct tie to work Stampe performed.  Indeed, the royalties are tied to the "sale of any New Products developed by [Stampe], or to the sale of any New Products to the development of which [Stampe] materially contributes.  ICA art. 7. Stampe's interpretation contradicts the memorialized desire of Rockway to "hire [Stampe] to take advantage of his product development skills and to compensate [Stampe] for the development of . . . New Products. . . ." ICA at 1.  Therefore, because Judge Noel's interpretation and ultimate conclusion is not clearly erroneous or contrary to law, his Order is affirmed.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant David A. Stampe's Objection [Docket No. 295] is **OVERRULED**; and

2. Judge Noel's November 4, 2015 Order [Docket No. 294] is **AFFIRMED.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 7, 2016.